UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ALLEN J. PENTON                                    CIVIL ACTION

VERSUS                                             NO.  10-944

MARQUETTE TRANSPORTATION COMPANY
GULF-INLAND D/B/A ECKSTEIN MARINE
SERVICES, INC.                                     SECTION "N" (3)

## ORDER AND REASONS

Presently before the Court is Defendant's motion for summary judgment (Rec.  Doc.

7).  Having carefully reviewed the parties' opposing and supporting submissions, **IT IS ORDERED**

that the motion is **DENIED**.

## LAW AND ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The

materiality of facts is determined by the substantive law's identification of which facts are critical

and which facts are irrelevant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the

governing law." *Id.*

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Here, although Plaintiff's order of proof at trial will be difficult, the Court cannot find, on the summary judgment record presented, that no genuine issue of material fact exists and that Defendant is entitled to judgment as a matter of law. Specifically, the Court notes the evidentiary dispute regarding Jason North's use of brakes in slowing the truck in which Plaintiff was a back seat passenger, and whether the truck's brake lights were functioning properly at the time. Despite this determination, however, a ruling in Defendant's favor at trial, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, ultimately could be warranted. At present, the Court simply finds that, on the showing made, Plaintiff is entitled to present evidence supporting his claims to the trier of fact.

New Orleans, Louisiana, this 29th day of March 2011.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE